UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X  Index No.: 24 CV 4829
NALAYAH NERETTE,                                                           KAM-MMH

                                              Plaintiff,            **FIRST AMENDED COMPLAINT**

      -against-

THE CITY OF NEW YORK AND                                                   **JURY TRIAL DEMANDED**
NYPD MEMBER DOES 1 -5,

                                                Defendants.
------------------------------------------------------------------------X

      Plaintiff, NALAYAH NERETTE, by her attorney, JESSICA MASSIMI, hereby complains of the Defendants, upon information and belief, as follows:

### PARTIES, VENUE AND JURIDICTION

1. At the time of the civil rights violations described herein, Plaintiff, NALAYAH NERETTE, was a 17-year-old living in Kings County, New York. Ms. Nerette is currently an adult.

2. At all relevant times mentioned herein, Defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all times hereinafter mentioned, Defendant, NYPD MEMBER DOES 1 & 2, were men employed by the City of New York as a members of the NYPD assigned to Police Service Area (PSA) 3. The Doe Defendants are sued herein in their official and individual capacities.

4. Plaintiff is currently unaware of the true names of the Doe Defendants. All of the Doe Defendants were men and are further described as follows:

5. NYPD Member Doe 1 was a Black man wearing a blue NYPD uniform.

6. NYPD Member Doe 2 was an Hispanic man wearing a blue NYPD uniform.

7. NYPD Member Does 1 and 2 initially approached Plaintiff before the other Defendants.

8. NYPD Member Doe 3 appeared to be a Black man and assisted Does 1 and 2 in surrounding Ms. Nerette.

9. NYPD Member Doe 4 was a white man wearing an NYPD uniform with a white shirt who handcuffed Ms. Nerette and dragged her across the floor.

10. NYPD Member Doe 5 was an Asian man wearing a blue NYPD uniform who assisted the Defendants in handcuffing and dragging Plaintiff.

11. Plaintiff timely served a Notice of Claim on the municipal Defendant and complied with all conditions precedent to commencing an action under state law.

12. At least thirty days have elapsed since service of Plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

13. That the within action has been initiated within one year and ninety days of the accrual of Plaintiff's claims pursuant to New York State Law.

14. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

15. Venue is properly laid, pursuant to 28 U.S.C. § 1391, et seq., in the Eastern District of New York, where the Plaintiff and Defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## **RELEVANT FACTS**

16. On May 6, 2023 at about 11:30 p.m. Plaintiff was lawfully present inside of a NYCHA apartment building where she resided with her grandmother located at 103 Nostrand Avenue, Brooklyn, NY 11206.

17. At this time, Defendant NYPD Member Does 1-5 arrived on duty.

18. Ms. Nerette was lawfully present inside of the above-mentioned location sitting on stairs.

19. NYPD Member Does 1 and 2 approached Plaintiff.

20. Plaintiff stated that she lived downstairs in the building with her grandmother and, since the police were not questioning her, Plaintiff stood up to leave in an attempt to go to her and her grandmother's apartment.

21. NYPD Member Does 1 and 2 told Plaintiff to go upstairs to the roof, though there was no reason for Plaintiff to do so.

22. Plaintiff again explained that she lived downstairs in the building with her grandmother.

23. Without any justification or excuse, NYPD Member Does 1 and 2 began pushing Ms. Nerette, causing her to slip.

24. NYPD Member Does 1 and 2 then followed Ms. Nerette and cornered her.

25. An additional large group of NYPD members showed up, including NYPD Member Does 3-5.

26. The Defendants continued to use excessive force against Plaintiff by handcuffing her excessively tightly, using her cuffed wrist to pull and attempt to drag her across the floor, and by pushing and pulling her.

27. In so doing, Defendants also caused Ms. Nerette's shirt to come up, exposing her breasts in front of her family and neighbors.

28. Plaintiff was not engaged in any suspicious, illegal, or violent activity.

29. Plaintiff was not involved in any activity which would have justified her arrest and there in fact existed no probable cause to justify Plaintiff's arrest.

30. Plaintiff was not engaged in any activity which would have justified the use of force against her.

31. As a result of Defendants' excessive force against Plaintiff, she sustained pain and bruising to her torso, chest, left arm, back and neck.

32. Despite the lack of probable to arrest the Plaintiff, Defendants handcuffed Plaintiff and transported Plaintiff to a stationhouse of PSA 3 where she was held for several hours before the Defendants transported Plaintiff to another stationhouse within the 75th Precinct.

33. Defendants then transported Plaintiff back to a stationhouse of PSA 3.

34. Finally, Defendants then transported Plaintiff to Kings County Central Booking where she was held for several hours before she was arraigned on false allegations provided by the Defendants

35. The NYPD Member Does swore out false allegations such as claiming that Plaintiff had engaged in assault with an attempt to cause serious bodily injury.

36. The Defendants forwarded these false allegations to the New York City Department of Probation which makes the decision as to whether a minor's criminal case should be referred to the New York City Law Department for prosecution. The Defendants did this despite the false nature of the allegations.

37. Plaintiff was eventually released from custody and forced to return to Court pursuant to the false allegations made by the Defendants.

38. Following Plaintiff's arrest, her criminal charges stemming from this arrest were dismissed in her favor on grounds consistent with her innocence when the New York City Department of Probation declined to refer her case to the New York City Law Department for prosecution.

39. At no time did Defendants have a legal basis to stop or arrest Plaintiff, nor was it reasonable for the Defendants to believe that such a basis existed.

40. At no time did Defendants have probable cause to seize, detain or arrest the Plaintiff nor was it reasonable for the Defendants to believe that such cause existed.

41. Any no time was there any justification for the use of force against Plaintiff, much less the level of force applied by the Defendants.

42. At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

43. That at all times relevant herein, the Defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION
### Section 1983 False Arrest Claim Against the Individual Defendants

44. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

45. The Individual Defendants willfully and intentionally seized, searched, detained, and arrested Plaintiff, and caused her to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

46. Plaintiff had not been engaged in any criminal conduct, nor was she engaged in any conduct that could reasonably be viewed as criminal nor a basis to justify her arrest.

47. Despite the absence of sufficient legal cause, Plaintiff was arrested and jailed.

48. By so doing, the Individual Defendants subjected Plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution.

49. By reason thereof, the Individual Defendants have violated 42 U.S.C §1983 and caused Plaintiff to suffer the deprivation of her liberty, loss of her constitutional rights, physical injuries, and mental anguish.

**SECOND CAUSE OF ACTION**
**Section 1983 Denial of a Fair Trial Claim Against the Individual Defendants**

50. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

51. The Individual Defendants willfully and intentionally fabricated evidence by falsely memorializing claims to have witnessed Plaintiff engaging in criminal or unlawful activity, and then forwarded these materially false claims to the New York City Department of Probation, Kings County District Attorney's Office ("NYCDA") and the New York City Law Department in order to justify the arrest of Plaintiff, and to justify, bring about and cause Plaintiff to be deprived of her liberty and to be criminally prosecuted.

52. By so doing, the Individual Defendants subjected the Plaintiff to denial of a fair trial and violation of her right to due process by fabricating evidence and otherwise providing prosecutors with a materially false and misleading version of events, and thereby violated Plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

53. By reason thereof, the Individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer the deprivation of her liberty, loss of her constitutional rights, physical injuries, and mental anguish.

## THIRD CAUSE OF ACTION
### Section 1983 Malicious Prosecution Against the Individual Defendants

54. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

55. The Individual Defendants willfully and intentionally caused Plaintiff to be subjected to criminal prosecution by falsely memorializing claims to have witnessed Plaintiff engaging in criminal or unlawful activity, and then forwarded these materially false claims to the New York City Department of Probation, KCDA and the New York City Law Department.

56. The criminal prosecution caused Plaintiff to suffer a deprivation of liberty before Plaintiff's criminal charges were terminated favorably.

57. By so doing, the Individual Defendants caused Plaintiff to be maliciously prosecuted, and thereby violated Plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

58. By reason thereof, the Individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer the deprivation of her liberty, loss of her constitutional rights, physical injuries, and mental anguish.

## FOURTH CAUSE OF ACTION
### Section 1983 Excessive Force Against the Individual Defendants

59. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

60. As a result of the Defendants' conduct, Plaintiff was subjected to excessive force.

61. By reason thereof, the Individual Defendants violated 42 U.S.C. §1983 and caused Plaintiff to suffer the deprivation of her liberty, loss of her constitutional rights, physical injuries, and mental anguish.

**FIFTH CAUSE OF ACTION**
**Section 1983 *Monell* Claim Against the Municipal Defendant**

62. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

63. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

64. Defendant City of New York had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.

65. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the Plaintiff herein.

66. Defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the

manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the Plaintiff's arrest.

67. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

68. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

69. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

70. All of the acts and omissions by the Individual Defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

71. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the Plaintiff's rights in particular.

72. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SIXTH CAUSE OF ACTION
### Civil Rights Violations Pursuant to New York State Law
*Against the City of New York and Individual Defendants*

73. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

74. Plaintiff was subjected to false arrest, excessive force, malicious prosecution, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements.

75. At no time did Defendants have any legal basis for arresting Plaintiff, subjecting her to prosecution, or commencing criminal process against them, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

76. The Defendants are therefore liable under New York law to Plaintiff for false arrest, malicious prosecution, denial of due process and fair trial, and excessive force.

77. By reason thereof, Defendants have caused Plaintiff to suffer emotional and physical injuries, mental anguish, the loss of her constitutional rights, and unlawful incarceration.

## SEVENTH CAUSE OF ACTION
### Pursuant to N.Y.C Admin. Code §§8-802, et seq.
*Against the City of New York and Individual Defendants*

78. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

79. Plaintiff was subjected to unreasonable search and seizure, false arrest, excessive force, malicious prosecution, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements.

80. Each of the individual defendants failed to intervene regarding the unconstitutional conduct of each other.

81. At no time did Defendants have any legal basis for arresting Plaintiff, subjecting her to prosecution, or commencing criminal process against her, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

82. The Defendants are therefore liable under New York City law to Plaintiff for false arrest, malicious prosecution, denial of due process and fair trial, and excessive force.

83. By reason thereof, Defendants have caused Plaintiff to suffer emotional and physical injuries, mental anguish, the loss of her constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the Plaintiff demands judgment against the Individual Defendants and the City of New York as follows:

i. actual and punitive damages against the Individual Defendants in an amount to be determined at trial;

ii. actual damages in an amount to be determined at trial against the City of New York;

iii. statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv. such other relief as the Court deems just and proper.

Dated: New York, New York
       August 2, 2024

JESSICA MASSIMI

By: *Jessica Massimi*
MASSIMI LAW PLLC
99 Wall Street, Suite 1264
New York, NY 10005
646-241-9800
Jessica.Massimi@gmail.com